Marmion **POLLARD**, Appellant,

v.

**UNITED STATES of America,**
**Appellee.**

No. 13901.

United States Court of Appeals
Sixth Circuit.

Dec. 16, 1960.

Kermit G. Bailer, Detroit, Mich., for appellant.

George E. Woods, Chief Asst. U. S. Atty., Detroit, Mich., for appellee.

Before McALLISTER, Chief Judge, SIMONS, Senior Circuit Judge, and BROOKS, District Judge.

McALLISTER, Chief Judge.

The mandate in the above cause having been recalled by this court, ex proprio motu, for the purpose of clarification; and it appearing that the government has determined not to file a petition for certiorari from the decision of this court; and upon the government's showing in the District Court that it had no further evidence to produce as to appellant's guilt

of the offense charged, or as to his mental condition; and the government having filed a petition to discharge appellant from custody, and to dismiss the information and cancel bond; and the District Court, having, upon such petition, entered an order directing that appellant be returned from his place of detention to the office of the Marshal, and thereupon released from custody, and the information and charges against him dismissed, and the bond cancelled; and the said order having been stayed by this court before execution thereof, pending recall of mandate and issuance of a new mandate; and it appearing, from the evidence, that, on the hearings and trial, all the expert witnesses of both the appellant and of the government either considered appellant insane, or that the evidence tended to prove him insane in that he was suffering from a disassociative reaction resulting in an irresistible impulse to commit acts in violation of the federal criminal statutes, at the time of his commission of the acts charged; and it appearing that there is a grave question whether appellant is presently insane: this court now has before it for consideration the issue of the present sanity of appellant; of how his sanity or insanity is to be established; and of the nature of his custody, since the law does not contemplate the release of persons accused of crime, who were insane at the time of the acts charged or who became insane thereafter, without provision for their care and restraint until the restoration of their sanity.

■ On the trial, appellant's defense was insanity. The District Court found him sane, and guilty of the crimes charged. In the opinion of this court it was held that the presumption of sanity was overcome by the evidence, and that the government had failed to prove that appellant had not acted under irresistible impulse resulting from mental illness, in committing the acts charged against him. An uncontrollable impulse to commit the acts, charged as a crime, is insanity of such degree as will relieve the accused of the consequences of the criminal acts.

Smith v. United States, 59 App.D.C. 144, 36 F.2d 548, 70 A.L.R. 654.

■ Questions of terminology have been presented on the arguments before this court. The general terms, "insane," and "insanity," are used in the statute, providing that where the court has cause to believe that a person charged with an offense against the United States "may be presently insane," he shall be committed to a facility for examination as to his mental condition, and that if the report of the psychiatrist indicates a "state of present insanity," a further hearing shall be held at which the court may make a finding with respect thereto. Moreover, it is provided that a finding of the judge that the accused is mentally competent to stand trial shall in no way prejudice the accused in a plea of insanity as a defense to the crime charged. Title 18 U.S.C.A. § 4244. It is also provided that if a person charged with crime be found, in the court before which he is so charged, to be an "insane" person, such court shall certify the same to the Secretary of Health, Education and Welfare, who may order such person to be confined in Saint Elizabeths Hospital; and when such person is restored to "sanity," the trial judge shall be notified. Title 24 U.S.C.A. §§ 211 and 211b. Throughout the statutes and the decisions, it is notable that the terms "sane," "sanity," "insane," and "insanity," are used; and that it is held that a person who commits a crime under irresistible impulse is insane. In the light of the foregoing, it is unnecessary, in considering the case, for this court to make use of such terms in the nomenclature of psychiatry, as "neurotic," "neuroses," "psychotic," "psychoses," or other descriptive terms in the present, uncertain and transient idiom of that science, which have been availed of in the arguments of counsel. This cause now is in the same posture as before evidence was introduced on the trial, in that appellant stands accused of the commission of crime. A judgment of guilty has been set aside on the ground that the presumption of sanity was overcome by the evidence and that the government

failed to sustain its burden of proving appellant was sane; and appellant is in custody on the charges filed against him.

The court being duly advised, it is ordered, adjudged and decreed as follows:

1. The case is hereby remanded to the District Court for further proceedings, consonant with this order of remand.

2. It is ordered that the District Court cause appellant to be examined as to his mental condition at the present time, and that, for the purpose of such examination, the court order appellant to be recommitted to the United Sates Medical Center for Federal Prisoners at Springfield, Missouri, or to such other suitable hospital or facility to be designated by the court, for such a reasonable period as will be required in order that the psychiatrist or psychiatrists, of such Center, or hospital, or facility, will be able to formulate an expert opinion, which is considered by such psychiatrist or psychiatrists as a complete and satisfactory opinion, as to appellant's present mental responsibility and sanity, it appearing, upon the former hearing, that appellant's prior committal to the United States Medical Center for Federal Prisoners was for too short a time to permit the psychiatrist or psychiatrists, to "formulate a completely satisfactory theory on which to base a solid opinion as to [appellant's] responsibility during the period in question."

3. If such report indicates a state of present insanity of appellant, the District Court is directed to hold a further hearing upon due notice, at which evidence of the mental condition of the accused may be submitted, including that of the reporting psychiatrist or psychiatrists; and, thereupon, the District Court is directed to make findings from the evidence, with respect to appellant's sanity, and, particularly, as to whether the evidence shows that appellant is, at the time of such hearing, suffering from a disassociative reaction that results in an irresistible impulse to act in the same way as prior to his trial, which would make his conduct violative of the federal criminal statutes if it were not for such insanity, in accordance with Title 18 U.S.C.A. § 4244.

4. If the court finds from the evidence, including that of the reporting psychiatrist or psychiatrists, as above provided, that appellant be an insane person in that he is presently suffering from a disassociative reaction that results in an irresistible impulse to commit the aforementioned acts, the court is directed to certify the same to the Secretary of Health, Education and Welfare, for the purpose of confining appellant in Saint Elizabeths Hospital, District of Columbia, in accordance with Title 24 U.S.C.A. § 211, until appellant is restored to sanity, at which time, as provided by law, the superintendent of the hospital shall give notice thereof to the District Court, and deliver appellant to the court in obedience to the proper precept, in accordance with Title 24 U.S.C.A. § 211b.

5. In case appellant is found insane in that he is suffering from a disassociative reaction that results in an irresistible impulse to commit the aforementioned acts, and in the event that the Secretary of Health, Education and Welfare declines, upon the certificate of the District Court, to order appellant confined in Saint Elizabeths Hospital, in accordance with Title 24 U.S.C.A. § 211, then the District Court is directed to commit appellant to the custody of the Attorney General, or his authorized representative, until appellant's sanity shall be restored, or until his mental condition shall be so improved that if released, he would not endanger the safety of the officers, the property, or other interests of the United States, or persist in engaging in criminal activities similar to those with which he is presently charged; or until suitable arrangements have been made for the custody and care of appellant by Michigan, the State of his residence, whichever event shall first occur, in accordance with Title 18 U.S.C.A. §§ 4244, 4246, 4247 and 4248. Greenwood v. United States, 350 U.S. 366, 374, 76 S.Ct. 410, 100 L.Ed. 412.

6. It is ordered that, before appellant be discharged and released from custody, the District Court shall make findings based upon the evidence of the reporting psychiatrist or psychiatrists, hereinbefore provided for, that appellant is not presently insane, in that he is not suffering from a disassociative reaction that results in an irresistible impulse to commit acts otherwise in violation of the federal criminal statutes, and is not otherwise insane; and that, from the evidence above mentioned, the District Court shall, further, make findings, before appellant be discharged and released from custody, that the sanity of appellant has been restored and that, if released, he would not endanger the safety of the officers, the property, or other interests of the United States.

7. If the District Court finds, from the evidence, in manner and form as hereinbefore set forth, that appellant is presently sane, and that, if released, he will not endanger the safety of the officers, property, or other interests of the United States, and that at the time of such finding, there is no additional evidence of his guilt of the acts charged other than that presented on the prior trial, the court shall make findings to the foregoing effect and shall direct the release from custody of appellant, the dismissal of the charges against him, and the cancellation of the bond heretofore filed.

8. It is further ordered that upon the filing of the findings of fact a copy thereof shall be filed in this court, and that, thereafter, proceedings be stayed in the above cause until the further order of this court.

SIMONS, Senior Judge (concurring).

I have considered the proposed order in the above cause, remanding it to the District Court for further proceedings, in response to Title 24 U.S.C.A. § 211b, and while I have been of the view that Pollard's sanity, or insanity, would be more directly determined by reports of study and conclusions drawn therefrom by those who have Pollard in custody, my colleagues think otherwise and having concurred in the return of the mandate, I bow to their views. I feel it necessary, however, for the purposes of the record, to state that my judgment is that the District Judge based his findings of guilt upon substantial evidence and there was no error in the judgment of conviction and sentence. I further express the view that the decision in this court to reverse is not in consonance with established principles of criminal procedure and criminal substantive law of the United States governing the processes of the federal criminal jurisdiction in the application of federal law.